**Ruben A. LUNA, Petitioner,**

v.

**MERIT SYSTEMS PROTECTION BOARD Respondent.**

No. 01–3126.

United States Court of Appeals, Federal Circuit.

July 16, 2001.

Rehearing Denied Sept. 10, 2001.

Before MICHEL, RADER, and LINN, Circuit Judges.

PER CURIAM.

Ruben Luna petitions for review of the October 28, 1999 decision of the Merit Systems Protection Board (Board), No. DA–0752–93–0065–C–1, which became final on September 20, 2000, dismissing his petition as untimely filed. *Luna v. Dept. of the Air Force*, 86 M.S.P.R. 578 (2000). Because Mr. Luna has not demonstrated that the Board abused its discretion in dismissing his appeal, this court *affirms*.

## I.

Mr. Luna was terminated from employment at the Department of the Air Force (the agency) at Kelly Air Force Base on October 23, 1992. He appealed his removal to the Board on November 5, 1992, but settled the appeal in December 1992. The settlement agreement provided that Mr. Luna's official record would state the reason for termination as "termination/disability" rather than "excessive absenteeism." In addition, the agency agreed to send a letter to the Office of Personnel Management (OPM) recommending approval of Mr. Luna's application for disability retirement. The settlement agreement explicitly informed Mr. Luna that approval or disapproval of his application was strictly under the control of OPM and approval was in no way guaranteed. After the administrative judge confirmed that both parties understood and voluntarily agreed to the settlement agreement, the administrative judge issued an initial decision on December 15, 1992, incorporating the settlement agreement into the record, and dismissing the appeal as settled.

Mr. Luna's application for disability retirement was approved by OPM on December 15, 1992, and he began receiving benefits thereafter. On October 10, 1994, Mr. Luna filed a petition for review of the Board's December 1992 initial decision dismissing his appeal as settled. Because the petition was filed more than twenty months after the thirty-day deadline to file an appeal of the initial decision, the Board dismissed Mr. Luna's appeal of the initial decision as untimely. *Luna v. Dep't of Air Force*, 67 M.S.P.R. 69, 72–73 (1995), *aff'd*, 68 F.3d 487 (Fed.Cir.1995).

On February 15, 1997, OPM requested updated medical information from Mr. Luna to show his continuing entitlement to disability retirement under 5 C.F.R. § 831.1206(d) (2000). On January 28, 1999, after two years and repeated requests for this information, OPM suspended benefits. 5 C.F.R. § 1201.1208(a) (2000). On May 3, 1999, OPM notified Mr. Luna that his disability retirement was terminated for failure to provide the requested medical information.

On June 29, 1999, Mr. Luna petitioned for enforcement of the settlement agreement with the Board, claiming OPM's termination amounted to a breach. In an initial decision, the administrative judge concluded that Mr. Luna's petition was not filed within a reasonable time and dismissed the petition for untimeliness. In the final decision, the Board determined that it was unclear whether Mr. Luna intended to appeal OPM's suspension of his disability retirement benefits, or whether OPM issued a final decision on this potential claim. Thus, the Board remanded the matter back to the field office for further proceedings. The Board denied review, however, of the initial decision that Mr. Luna's petition for enforcement of the settlement agreement was untimely filed. Thus, the Board's initial decision regarding the petition for enforcement became final. Mr. Luna appeals.

## II.

A petition for enforcement of a settlement agreement must be filed within a reasonable time of the date of the alleged breach of the agreement, taking into consideration the date of the alleged breach, the date of the petitioning party's knowledge of the alleged breach, and the particular circumstances of the case. *Patterson v. United States Postal Serv.*, 71 M.S.P.R. 332 (1996). The appellant has the burden of proof on the issue of timeliness. 5 C.F.R. § 1201.56(a)(2)(ii) (1999). "Whether the regulatory time limit for an appeal should be waived based upon a showing of good cause is a matter committed to the

Board's discretion and this court will not substitute its own judgment for that of the Board." *Mendoza v. Merit Sys. Prot. Bd.*, 966 F.2d 650, 653 (Fed.Cir.1992) (en banc). "On appeal, [this court] will disturb the grant or denial of such a waiver only if it is arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with the law." *Id.*

■ The Board's Acknowledgment Order dated July 7, 1999, informed Mr. Luna that his petition appeared untimely and further, that he needed to file evidence and argument showing good cause for the untimeliness. In response, Mr. Luna submitted evidence that he originally petitioned for enforcement of the settlement agreement with the Equal Employment Opportunity (EEO) office on May 5, 1999. A few weeks later, the EEO advised him that it did not have jurisdiction and that he should contact the Board regarding his settlement agreement. In addition to this evidence, Mr. Luna provided a copy of a 1994 letter from a doctor opining that Mr. Luna suffered from paranoia rendering him mentally incompetent.

The Board was not persuaded that Mr. Luna was not competent to file a petition, nor that he was unaware of where to file his petition. *Luna v. Dep't of Air Force*, No. DA–0752–93–0065–C–1, slip op. at 4–5 (M.S.P.B. Oct. 28, 1999). The Board found that the settlement agreement itself clearly indicated that the Board had jurisdiction over enforcement of the agreement. Moreover, nine months after the 1994 letter was written by his doctor, Mr. Luna filed a petition for review of the Board's December 1992 initial decision dismissing his appeal as settled. Thus, the Board's conclusion that Mr. Luna was aware of where and how to file his petition for enforcement of the settlement agreement was not arbitrary or capricious. A review of the record indicates that the Board did not abuse its discretion or otherwise act contrary to the law in concluding that Mr. Luna failed to demonstrate good cause for his delay.

Thus, the Board's decision dismissing Mr. Luna's petition for enforcement of the settlement agreement as untimely filed is affirmed.